UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RAFAEL CERROS, | ) | |
| Plaintiff, | ) | 02:06-CV-00647-LRH-PAL |
| v. | ) | ORDER |
| NORTH LAS VEGAS POLICE DEPARTMENT, CITY OF NORTH LAS VEGAS, BROAD ACRES SWAP MEET, RECORDING INDUSTRY ASSOCIATION OF AMERICA, BOB OROZCO, DOES I - V, ROES I - V, inclusive, | ) | |
| Defendant. | ) | |

Presently before this court are several motions. Plaintiff Rafael Cerros ("Cerros") has filed a motion to remand (# 4[1]). Defendant City of North Las Vegas has filed an opposition (# 12), to which Defendants Bob Orozco ("Orozco") and the Recording Industry Association of America ("RIAA") have joined (# 13). A reply was not filed.

Also before the court is Orozco's Motion to Dismiss (# 14). Cerros has filed an opposition (# 15), and Orozco replied (# 18). Finally, before the court is RIAA's Motion to Dismiss (# 17). Cerros has filed an opposition (# 19), and RIAA replied (# 20).

---

[1]Refers to the court's docket number.

## I. Factual Background

Cerros is in the business of buying and selling compact disks. On or about August 14, 2005, Cerros was selling compact disks at a swap meet owned and operated by Broad Acres Swap Meet. Cerros alleges that "police officers from the North Las Vegas Police Department ("NLVPD") approached Plaintiff at his booth and without warning, handcuffed him, as Bob Orozco, an investigator from the Recording Industry Association of America, began to search through Plaintiff's merchandise." (Compl. ¶ 6.) Cerros alleges that he was handcuffed for more than two hours. Plaintiff further alleges that the search occurred without a warrant. After Orozco finished searching Plaintiff's booth, Broad Acres Swap Meet personnel evicted Cerros and gave him seventy-two hours to remove his belongings. On April 10, 2006, Cerros filed this action in the Clark County District Court alleging various torts along with illegal search and seizure in violation of the Fourth Amendment to the United States Constitution.

## II. Motion to Remand

### A. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). One instance in which the district courts of the United States have "original jurisdiction" is where the claim involves a federal question of law. The proper procedure for challenging a removal is a motion to remand. A court may order remand either for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper by a preponderance of

2

evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567.

### B. Discussion

In seeking remand, Cerros argues that the existence of a Fourth Amendment claim does not confer original jurisdiction upon this court. Cerros's position is untenable. Cerros's second cause of action alleges that "Defendants violated Plaintiff's right to be free from unreasonable searches and seizures under Article IV[2] of the United States Constitution, as incorporated to the States through the Fourteenth Amendment." (Compl. ¶ 20.) "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because Cerros has alleged a violation of the Fourth Amendment to the United States Constitution, this court has original jurisdiction and removal was proper. As such, Cerros's motion to remand is denied.

## III. Motions to Dismiss

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[3] In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

---

[2] The court interprets this allegation as raising a claim under the Fourth Amendment to the United States Constitution prohibiting unreasonable searches and seizures.

[3] Contrary to Cerros's assertions, the Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." Fed. R. Civ. P. 1, 81(c); *see also Hanna v. Plumer*, 380 U.S. 460 (1965).

3

(9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

**B. Orozco's Motion to Dismiss**

Orozco argues that dismissal is proper because he did not engage in any of the actions alleged in the Complaint. Alternatively, Orozco argues that each of Cerros's causes of action fail to state a claim upon which relief can be granted. Cerros, in opposition, argues that it is premature to dismiss Orozco based on claims that Orozco was not involved in the actions complained of in this case. Cerros further argues that he has appropriately alleged each cause of action in his complaint.

Attached to Orozco's motion is a Declaration indicating that Orozco did not participate in the actions that form Cerros's case. Nevertheless, the court finds that it is premature to consider factual questions that would convert the present motion to one for summary judgment. Discovery in this case is not complete, and Cerros has indicated a need to discover facts relevant to Orozco's involvement or lack thereof. For this reason, the court will not consider any matters presented outside the pleadings. With respect to Orozco's assertion that Cerros has failed to state a claim upon which relief can be granted, the court will address each cause of action in turn.

**1. False Arrest**

"In order to prove false arrest, a plaintiff must show the defendant instigated or effected an unlawful arrest." *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988). Here, Orozco argues that

4

dismissal is appropriate because there is no allegation that he had any involvement in the alleged arrest of Cerros. Cerros responds by arguing that a claim for false arrest has been appropriately alleged as Cerros accompanied NLVPD and conducted the search.

Paragraph six of Cerros's complaint alleges, "police officers from the North Las Vegas Police Department approached Plaintiff at his booth and without warning, handcuffed him, as Bob Orozco, an investigator from the Recording Industry Association of America, began to search through Plaintiff's merchandise." (Compl. ¶ 6.) Although Cerros alleged that Orozco accompanied the police and conducted a search, Cerros's complaint does not allege that Orozco actually instigated or effected the alleged arrest. The complaint contains no allegations as to the circumstances that caused the police to handcuff Cerros, nor does it allege that Orozco actually participated in the alleged arrest. Taking all Cerros's allegations as true and construing them in a light most favorable to him, Cerros has failed to allege a cause of action for false arrest. Therefore, Cerros's first cause of action will be dismissed.

**2. Illegal Search and Seizure**

Orozco argues that Cerros's second cause of action for illegal search and seizure should be dismissed because the United States Constitution and its amendments do not create private rights of action. Cerros does not dispute the proposition that a private right of action does not exist under the Fourth Amendment. However, Cerros appears to argue that he has properly alleged an unlawful search and seizure and requests leave to amend his complaint to allege a violation of 42 U.S.C. § 1983 in the event the court grants Orozco's motion.

Orozco is correct that a direct cause of action cannot be sustained under the Fourth Amendment to the Untied States Constitution. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Therefore, the court will dismiss Cerros's second cause of action. To the extent Cerros wishes to amend his complaint to allege a cause of action under 42 U.S.C. § 1983, Cerros may file a motion to amend in accordance with Rule 15 of the Federal Rules of Civil

Procedure and Local Rule 15-1 of the Local Rules of Practice for the United States District Court, District of Nevada.

### 3. False Imprisonment

Orozco next seeks to dismiss Cerros's false imprisonment claim arguing that the complaint fails to allege that Orozco was involved in handcuffing Cerros. Cerros responds by arguing that Orozco was a willing participant with the North Las Vegas Police Department and his act directly resulted in Cerros's confinement.

"False imprisonment is a restraint of one's liberty without any sufficient cause therefor." *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967) (citing *Virginia, Inc. v. Gowdy*, 147 S.E.2d 710 (Va. 1966)). "[A]n actor is subject to liability to another for false imprisonment 'if (a) he acts intending to confine the other or a third person within the boundaries fixed by the actor, and (b) his act directly or indirectly results in such confinement of the other, and (c) the other is conscious of the confinement or is harmed by it.'" *Hernandez v. City of Reno*, 634 F.2d 668, 671 (Nev. 1981) (quoting Restatement (Second) of Torts § 35 (1965)).

Upon carefully examining the complaint, the court finds no allegations that would support a claim for false imprisonment. The complaint alleges that Cerros was falsely imprisoned while he was handcuffed. (Compl. ¶¶ 23-25.) However, the complaint alleges that police officers were responsible for handcuffing Cerros. (Compl. ¶ 6) The complaint does not allege that Orozco engaged in any act that was intended to confine Cerros nor does the complaint allege that Orozco acted jointly with NLVPD. Taking all Cerros's allegations as true and construing them in a light most favorable to him, Cerros has failed to allege a cause of action for false imprisonment. Therefore, Cerros's cause of action for false imprisonment will be dismissed.

### 4. Intentional Infliction of Emotional Distress

Cerros's fourth cause of action alleges intentional infliction of emotional distress. Orozco argues that this claim should be dismissed because Cerros has failed to allege any extreme and

6

outrageous conduct. Cerros argues that the conduct of Orozco was extreme and outrageous because Orozco worked alongside NLVPD and caused Cerros to be handcuffed while Orozco conducted his search.

To establish a claim for intentional infliction of emotional distress, Cerros must establish the following elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000) (citations omitted). Extreme and outrageous conduct "is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citations omitted).

The complaint asserts that the alleged arrest and detention of Cerros constituted extreme and outrageous conduct. Nevertheless, the complaint contains no factual allegations indicating that Orozco arrested or detained Cerros. Furthermore, the court finds Orozco's alleged search of Cerros's property insufficient as a matter of law to establish extreme and outrageous conduct. As such, the court will dismiss Cerros's fourth cause of action.

**5. Conversion**

"Conversion is 'a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his rights therein or in derogation, exclusion, or defiance of such title or rights.'" *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (quoting *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958)). "Further, conversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id*. (citations omitted).

Here, the court finds that Cerros has sufficiently alleged a cause of action for conversion. Cerros alleges that Defendants entered his both on August 14, 2005, and removed his CDs. (Compl. ¶ 34.) Cerros further alleges that he did not consent to the removal of his property and

7

demanded its return. *Id*. ¶ 35. Under the facts as alleged, the court cannot say that it appears beyond doubt that Cerros can prove no set of facts in support of his claim which would entitle him to relief. Therefore, the court finds that Cerros has stated a viable cause of action for conversion.

### 6. Negligence

Orozco seeks to dismiss Cerros's negligence claim arguing that he has no duty to train or supervise. Alternatively, Orozco argues that Cerros's claim is barred by the economic loss doctrine. In opposition, Cerros argues that "Defendant Orozco and the representatives from the RIAA had a duty of care toward all CD retailers/merchants to act in good faith in investigating potential sellers of pirated materials." (Cerros's Opp'n (# 15) at 15.)

In Nevada, a cause of action for negligence consists of five elements: (1) duty; (2) breach; (3) actual causation; (4) proximate causation; and (5) damages. *Perez v. Las Vegas Med. Ctr.*, 805 P.2d 589, 590-91 (Nev. 1991). In the case at bar, the court finds that Cerros has failed to state a negligence claim against Orozco.

The complaint alleges that "Defendants had a duty of care to Plaintiff and to the public to use reasonable care in their hiring, training, supervision, discipline and retention of the Defendant officers." (Compl. ¶ 38.) However, Cerros has alleged no facts to support the claim that Orozco, an investigator from RIAA, had any involvement in the hiring, training, supervision, discipline or retention of the defendant officers. Moreover, Cerros has failed to allege any type of employment or supervisory relationship between the NLVPD and Orozco. For these reasons, Cerros's claim of negligence will be dismissed.

### 7. Intentional Interference with Contractual Relations

Cerros's eighth cause of action alleges intentional interference with contractual relations. Orozco argues that this claim should be dismissed because Cerros has failed to allege any intentional acts designed to disrupt the contractual relationship. Cerros, on the other hand, argues that "Orozco's appearance with several police officers, the handcuffing of Mr. Cerros, Mr. Cerros'

forced, handcuffed detention for over two hours, visible to all patrons, are all intentional acts which caused the disruption of his contract with Broadacres and resulted in his loss of revenue." (Cerros's Opp'n (# 15) at 17.)

"To establish intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989) (citing *Ramona Manor Convalescent Hosp. v. Care Ent.*, 177 Cal.App.3d 1120 (1986)). Here, taking the allegations of material fact as true and construing them in a light most favorable to the non-moving party, the complaint fails to allege any intentional act that was intended or designed to disrupt the contractual relationship. Orozco's mere appearance with police officers is insufficient to establish an intentional act that would disrupt the contractual relationship. As previously mentioned, there are no allegations indicating that Orozco played any role in Cerros's detention. Therefore, Cerros's eighth cause of action will be dismissed.

### 8. Interference with Prospective Economic Advantage

Cerros's final cause of action alleges interference with prospective economic advantage. Orozco seeks to dismiss this claim arguing that Cerros had an ongoing contractual relationship with Broad Acres Swap Meet rather than a prospective relationship. In addition, Orozco argues that Cerros failed to allege any intent to harm or damages. Cerros, in opposition, argues that his contract with Broad Acres Swap Meet is renewed on a monthly basis.

A cause of action for interference with prospective economic advantage requires the following: "(1) a prospective contractual relationship between the plaintiff and third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Wichinsky v. Mosa*, 847 P.2d

727, 729-30 (Nev. 1993) (citing *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1221 (Nev. 1987)).

Here, the complaint does not contain any allegations indicating that Cerros has a prospective relationship with Broad Acres Swap Meet. Furthermore, the complaint fails to allege any conduct on behalf of Orozco that could have interfered with any possible prospective relationship. For these reasons, the court finds that Cerros has failed to state a claim for interference with a prospective economic advantage.

### 9. Request for Attorney's Fees and Costs

Orozco seeks an award of attorneys fees and costs for expenses incurred in bringing the present motion. Orozco justifies such an award by stating that he informed Cerros that he did not engage in any of the conduct alleged in the complaint. As such, Orozco asserts that this court should use its inherent authority to impose sanctions for bad faith conduct. The court finds no bad faith in Cerros's decision not to dismiss Orozco. As previously mentioned, it would be premature to dismiss Orozco from this action based on his assertions that he did not participate in the conduct alleged in Cerros's complaint. Whether there is an issue of fact concerning Orozco's involvement can be determined after discovery by way of summary judgment.

### C. RIAA's Motion to Dismiss

RIAA's motion to dismiss raises similar issues as Orozco's motion. First, RIAA argues that it cannot be liable because Orozco, its employee, did not engage in any of the conduct alleged in the complaint. RIAA further argues that it should be dismissed because it cannot be held liable for the actions of its independent contractor. According to RIAA, it retained an investigative consultant on a limited basis as an independent contractor. The investigative consultant allegedly assisted NLVPD with the search of Cerros's merchandise. Finally, RIAA argues that the complaint fails to state claims upon which relief can be granted. In opposition to the motion, Cerros argues that it is premature to address the factual issues raised by RIAA. Cerros further argues that he has stated viable claims against RIAA.

As previously discussed, it would be premature for this court to dismiss this case based on factual issues relating to the employment relationship of the various parties and the participation of the parties in the allegations contained in the complaint. To the extent there are no factual disputes as to these issues, RIAA may file a motion for summary judgment following appropriate discovery.

With respect to RIAA's argument that the complaint fails to state claims upon which relief can be granted, the court notes that the only allegations in the complaint relating to RIAA are the allegations pertaining to Orozco. The complaint alleges that Orozco is an investigator from RIAA. As the employer of Orozco, it possible for RIAA to be held vicariously liable for actions within the scope of employment. *Molino v. Asher*, 618 P.2d 878, 879 (Nev. 1980) (citing *Nat'l Convenience Stores v. Fantauzzi*, 584 P.2d 689, 691-92 (Nev. 1978)). Therefore, to the extent Cerros has stated a viable cause of action for conversion against Orozco, the court finds that he has also stated a viable claim against RIAA. As to the remaining causes of action, Cerros, as discussed above, has not stated any facts that would support liability on behalf of either Orozco or RIAA. Therefore, RIAA's motion to dismiss will be denied with respect to Cerros's cause of action for conversion and with respect to RIAA's request for attorney's fees and costs. RIAA's motion will be granted in all other respects.

IT IS THEREFORE ORDERED that Cerros's Motion to Remand (# 4) is hereby DENIED.

IT IS FURTHER ORDERED that Orozco's Motion to Dismiss (# 14) is hereby GRANTED in part and DENIED in part as set forth in this order.

///
///
///
///
///
///

1   IT IS FURTHER ORDERED that RIAA's Motion to Dismiss (# 17) is hereby GRANTED
2  in part and DENIED in part as set forth in this order.
3   IT IS SO ORDERED.
4   DATED this 9th day of November, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE