UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAFAEL CERROS,<br><br>        Plaintiff,<br><br>v.<br><br>NORTH LAS VEGAS POLICE DEPARTMENT, CITY OF NORTH LAS VEGAS, BROAD ACRES SWAP MEET, RECORDING INDUSTRY ASSOCIATION OF AMERICA, BOB OROZKO, DOES I - V, ROES I - V, inclusive,<br><br>        Defendants. | 2:06-CV-00647-LRH-PAL<br><br>ORDER |

        Presently before the court is a Motion for Summary Judgment or, in the Alternative, Motion to Dismiss (#25[1]) filed by Defendant Broad Acres Swap Meet ("Broad Acres"). Plaintiff, Rafael Cerros ("Cerros"), responded (#28), and Broad Acres replied (#31).

        Also before the court is a Motion for Leave to Amend (#30) filed by Cerros. Defendants Recording Industry Association of America ("RIAA") and Bob Orozko ("Orozko") responded (#34), and Cerros replied (#36).

**I. Factual Background**

        Cerros is in the business of buying and selling compact disks. On or about August 14,

---

[1] Refers to court's docket number.

2005, Cerros was selling compact disks at a swap meet owned and operated by Broad Acres. Cerros alleges that "police officers from the North Las Vegas Police Department ("NLVPD") approached Plaintiff at his booth and without warning, handcuffed him as Bob Orozco, an investigator from the Recording Industry Association of America, began to search through Plaintiff's merchandise." (Compl. ¶ 6.) Cerros alleges that he was handcuffed for more than two hours. *Id.* ¶ 7. Plaintiff further alleges that the search occurred without a warrant. *Id.* ¶ 8. After Orozco finished searching Plaintiff's booth, Broad Acres personnel evicted Cerros and gave him seventy-two hours to remove his belongings. *Id.* ¶ 13. On April 10, 2006, Cerros filed this action in the Clark County District Court alleging various torts along with illegal search and seizure in violation of the Fourth Amendment to the United States Constitution. The action was removed to this court on May 25, 2006. (Pet. for Removal (#1).) On July 27, 2006, this court issued a scheduling order (#16) setting the deadline to amend pleadings and add parties on August 30, 2006. Broad Acres filed the present motion for summary judgment (#28) on October 25, 2006. Cerros filed the present motion for leave to amend (#30) on November 21, 2006.

**II. Motion for Summary Judgment or, in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

**A.    Legal Standards**

    1.   Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Capitol Indem. Corp. v. Blazer,* 51 F.Supp.2d 1080 (D. Nev. 1999) (citing *S.E.C. v. Seaboard Corp.*, 677 F.2d 1297, 1300-01 (9th Cir. 1982)). The

substantive law defines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact is more than some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Thus, only disputes over outcome determinative facts under the applicable substantive law will preclude the entry of summary judgment. *Id.*

Moreover, all facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether there is a genuine issue of material fact for summary judgment purposes. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1050 (9th Cir. 1995). After drawing inferences favorable to the respondent, "summary judgment will be granted only if all reasonable inferences defeat the plaintiff's claims.*" Seaboard*, 677 F.2d at 1299.

2. Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

**B.     Discussion**

Throughout his complaint (#1), Cerros makes allegations against "Defendants" generally, and without specification. However, in Cerros's response to this motion (#28), Cerros acknowledges that all his claims, except for Breach of Contract, are not alleged against Broad Acres. (Pl. Resp. to Mot. to Dismiss (#28) at 6-8.) Therefore, to the extent Cerros's complaint does assert claims against Broad Acres, the following claims are dismissed: (1) False Arrest; (2) Illegal Search and Seizure; (3) False Imprisonment; (4) Intentional Infliction of Emotional Distress; (5) Conversion; (6) Negligence; (8) Tortious Interference with Contractual Relations; and (9) Interference with Prospective Economic Advantage.

With respect to the breach of contract claim, Cerros alleges that Broad Acres breached its lease agreement with Cerros when security personnel "evicted him from the premises and gave seventy-two hours in which to remove his belongings." (Compl. (#1) ¶ 13.) Broad Acres asserts that his claim is "impermissibly vague" and should be dismissed pursuant to Rule 12(b)(6) because Cerros's claims are "bare assertions of legal conclusions." (Mot. for Summ. J. or, in the Alternative, Mot. to Dismiss (#25) at 9.) This court disagrees with this assertion.

The court finds that Cerros has properly stated a claim on which relief could be granted and is entitled to offer evidence in support of his claims. *See Scheuer,* 416 U.S. at 236. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Cerros claims that he had a lease agreement with Broad Acres, was evicted without notice and prevented from reentering, that his eviction was unwarranted, and that he suffered an economic loss as a result. (Compl. (#1) ¶¶ 42-45.) Though Broad Acres has called into question the veracity of Cerros's factual claims, at this point in the proceeding it is not beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, Broad Acres's motion to dismiss will be denied.

Further, summary judgment is inappropriate at this time. Cerros has requested time to continue discovery. (Pl. Resp. to Mot. to Dismiss (#28) at 5-6.) Rule 12(f) allows for a court to permit discovery to continue to allow a party to present "facts essential to justify the party's opposition" to the motion. Fed. R. Civ. P. 12(f). Though Broad Acres challenges the veracity of Cerros's factual claims, discovery has not progressed enough to determine whether issues of material fact remain regarding the terms and conditions of Cerros's contract with Broad Acres and the circumstances under which the contract was terminated. Broad Acres's motion for summary judgment is premature.

**III.  Motion for Leave to Amend**

**A.    Legal Standard**

Rule 16(b) of the Federal Rules of Civil Procedure governs the amendment of pleadings once the date for amending pleadings has passed under the court's scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, the plaintiff must show good cause in order to amend the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson*, 975 F.2d at 607-09). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Carelessness is incompatible with a finding of diligence and offers no reason to grant relief. *Id*. Although the focus of the inquiry is upon the plaintiff's reason for seeking the amendment, the existence or degree of prejudice to the defendant might supply additional reasons to deny a motion to amend. *Id*. However, the inquiry ends if the moving party was not diligent. *Id*.

If the moving party can show good cause under Rule 16(a), the court must then consider whether amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Federal Rule of Civil Procedure 15(a)

provides that a trial court shall grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit frequently considers five factors in determining the propriety of a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

**B.     Discussion**

Rule 16(b) requires this court to "enter a scheduling order that limits the time to. . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e). Also, such orders may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note (1983); *Sosa,* 133 F.3d at 1418; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Cerros's Motion for Leave to Amend (#30) does not address good cause under Rule 16(b) but focuses instead upon the liberal amendment standard set out in Fed. R. Civ. P. 15(a). (Pl. Mot. for Leave to Amend (#30) at 2-3.) If Cerros's motion to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be this court's primary focus. However, because Cerros's motion to amend was filed after the scheduling order's deadline, Cerros must first demonstrate good cause under Rule 16(b) before the court will consider whether amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 607-08; *Anda*, 959 F.2d at 1155. If this court were to consider only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure. *Sosa*, 133 F.3d at 1419.

6

Cerros is requesting leave to add a plaintiff, Alegria Musical LLC (Cerros's music business), and substantially amend his complaint to add several new causes of action and reiterate some of those already dismissed. (First Am. Compl. (#30), Ex. 1.) In his motion, Cerros does not cite any authorities or reference any facts that demonstrate good cause for leave to amend other than to aver that he "has diligently prosecuted this case and there have been no failures to cure any alleged deficiencies." (Pl. Mot. for Leave to Amend (#30) at 3.) The court is reluctant to allow Cerros another bite at the apple. However, in an order dated November 11, 2006, this court dismissed nearly all of the claims against Orosko and RIAA, essentially for Cerros's failure to allege specific facts connecting Orosko and RIAA to the alleged wrongful actions. The court then indicated that Cerros could file a motion to amend "[t]o the extent Cerros wishes to amend his complaint to allege a cause of action under 42 U.S.C. § 1983." (Order (#27) at 5.) Cerros filed this motion for leave to amend soon thereafter on November 21, 2006. In light of this, the court regards this motion as timely, and Cerros was sufficiently diligent in pursuing his claims to allow for amendment of the complaint. Further, the court finds that good cause exists and in the interest of justice Cerros shall be allowed to amend the complaint in a way not prejudicial to the Defendants and limited to those claims that are not futile or otherwise insufficient as set forth in this order.

In the proposed amended complaint, Cerros has alleged several new causes of action that have not been previously addressed by the court and not yet been answered or opposed by the Defendants. Cerros will be given leave to amend to add these new causes of action. To the extent that Cerros reiterates causes of action that the court has addressed in previous motions to dismiss, the court will determine whether the facts alleged in the amended complaint are sufficient to support these causes of action i.e. these claims will be allowed to the extent that they are not futile. The proposed amendments will be discussed individually herein.

**1. Add Alegria Musical LLC as a Plaintiff**

Cerros may amend the complaint to add Alegria Musical LLC as a Plaintiff.

### 2. Cause of action under 42 U.S.C. § 1983

Cerros may amend his complaint to assert a cause of action under 42 U.S.C. § 1983.

### 3. False Imprisonment

"False imprisonment is a restraint of one's liberty without any sufficient cause therefor." *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967) (citing *Virginia, Inc. v. Gowdy*, 147 S.E.2d 710 (Va. 1966)). "[A]n actor is subject to liability to another for false imprisonment 'if (a) he acts intending to confine the other or a third person within the boundaries fixed by the actor, and (b) his act directly or indirectly results in such confinement of the other, and (c) the other is conscious of the confinement or is harmed by it.'" *Hernandez v. City of Reno*, 634 F.2d 668, 671 (Nev. 1981) (quoting Restatement (Second) of Torts § 35 (1965)).

Cerros does not allege that Orozco acted in any way to confine Cerros or that anything Orosko did resulted in Cerros's confinement. Cerros merely alleges that the police officers "acted in concert with Orozko and RIAA." (First Am. Compl. (#30), Ex. 1, ¶ 23.) This is insufficient to state a claim against Orosko and RIAA for false imprisonment and Cerros may not amend his complaint to do so. Cerros may amend his complaint to include charges against the NLVPD alone.

### 4. Defamation

Cerros may amend his complaint to assert a cause of action for defamation.

### 5. Trespass to Chattels

In his amended complaint, Cerros has dropped his claim for conversion and instead alleges Trespass to Chattels. Cerros may amend his complaint to assert a cause of action for trespass to chattels.

### 6. Interference with Contract and Prospective Economic Advantage

"To establish intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract;

and (5) resulting damage." *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989) (citing *Ramona Manor Convalescent Hosp. v. Care Ent.*, 177 Cal.App.3d 1120 (1986)).  Here, taking the allegations of material fact as true and construing them in a light most favorable to the non-moving party, the complaint fails to allege any intentional act that was intended or designed to disrupt a contractual relationship.

A cause of action for interference with prospective economic advantage requires the following: "(1) a prospective contractual relationship between the plaintiff and third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993) (citing *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1221 (Nev. 1987)).

Here, the complaint does not contain any allegations indicating what contract or prospective economic relationship the Defendants might have interfered.  Further, the Plaintiff has failed to establish the elements of his claim as he has not alleged that Defendants were aware of any contract or prospective business agreement or that Defendants intended to interfere with such.  Cerros may not amend his complaint to include claims for Interference with Contract or Prospective Economic Advantage.

**7. Conspiracy**

Cerros may amend his complaint to assert a cause of action for conspiracy.

**8. Battery**

Cerros may amend his complaint to assert a cause of action for battery.

**9. Intentional Infliction of Emotional Distress**

To establish a claim for intentional infliction of emotional distress, Cerros must establish the following elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or

extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000) (citations omitted). Extreme and outrageous conduct "is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citations omitted).

The complaint asserts that the alleged arrest and detention of Cerros constituted extreme and outrageous conduct. Nevertheless, the complaint contains no factual allegations indicating that Orozco arrested or detained Cerros. Furthermore, the court finds Orozco's alleged search of Cerros's property insufficient as a matter of law to establish extreme and outrageous conduct. Cerros has not alleged any conduct of the officers or Orosko that would constitute extreme or outrageous conduct that is outside all possible bounds of decency. Cerros's arrest alone, under the circumstances alleged, is insufficient to support a claim for intentional infliction of emotional distress and Cerros may not amend his complaint to assert the claim.

**10. Trespass**

Cerros may amend his complaint to assert a cause of action for trespass.

**11. Breach of Peace by Broad Acres**

The court is unaware of a cause of action for breach of peace in the context of an eviction. However, Cerros may amend his complaint to assert a cause of action for breach of peace.

The court has granted Plaintiff's motion for amendment of his complaint as set forth within this Order. However, the court has done so without prejudice to any later challenges that might properly be made by Defendants.

///
///
///
///
///

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#25) is hereby GRANTED in part and DENIED in part as set forth in this order.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend (#30) is hereby GRANTED in part and DENIED in part as set forth in this order.  Cerros shall submit a second amended complaint in accord with the specific amendments allowed in this order within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATED this 10th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE